Matter of Materassi (2025 NY Slip Op 03722)

Matter of Materassi

2025 NY Slip Op 03722

Decided on June 18, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2024-09900

[*1]In the Matter of Marco Materassi, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Marco Materassi, respondent. (Attorney Registration No. 2665727)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 6, 1995.

Courtny Osterling, White Plains, NY (Thomas J. Murphy of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On September 30, 2024, the Grievance Committee for the Ninth Judicial District served the respondent, by electronic mail to the respondent's counsel, upon consent, with a notice of petition and a verified petition, both dated August 13, 2024, and duly filed those papers with this Court together with an affidavit of service.
The petition contains seven charges of professional misconduct. The first four charges allege that the respondent misappropriated funds entrusted to him as a fiduciary incident to the practice of law in four separate real estate matters, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charges five and six allege that the respondent failed to hold funds in his possession belonging to another person incident to his practice of law in a special account subject to the dishonored check reporting provisions of 22 NYCRR 1300.1 and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in that his bank account ending in 4343, despite not being a special account, was labeled as "TRUST ACCOUNT" and his bank account ending in 6369, despite not being a special account, was labeled as "ATTORNEY ESCROW," in violation of rules 1.15(b)(1) and 8.4(c) and (h) of the Rules of Professional Conduct. Charge seven alleges that for all the misconduct alleged above, the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The notice of petition directed the respondent to serve and file his answer to the petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems [*2]appropriate. Although the motion papers were duly served upon the respondent, by electronic mail to the respondent's counsel, upon consent, on October 28, 2024, the respondent has neither opposed the instant motion nor interposed any response thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(5), based upon uncontroverted evidence of his professional misconduct stemming from his misappropriation of funds entrusted to him as a fiduciary incident to the practice of law in four separate real estate transactions and the respondent's misrepresentation that two accounts, which were not subject to the dishonored check reporting provisions of 22 NYCRR 1300.1, were labeled as "trust" and "escrow" accounts. To date, the respondent has neither opposed this motion nor interposed any response thereto.
Accordingly, the Grievance Committee's unopposed motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated August 13, 2024, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The separate motion seeking, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated August 13, 2024, established is granted, and the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Marco Materassi, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Marco Materassi, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Marco Materassi, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Marco Materassi, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Marco Materassi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court